# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

O. C. SMITH (# 09572)                                                                         PLAINTIFF

v.                                                                                    No. 4:08CV139-P-A

CHRISTOPHER EPPS, ET AL.                                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of O. C. Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

On March 15, 2004, prison officials began drafting an application for the plaintiff's approval for a level of trusty status and giving him thirty days toward his time served for each thirty days in trusty status. However, before the process was completed, Mississippi enacted a statute (MISS. CODE ANN. § 47-5-138.1), effective April 28, 2004, changing the accrual rate of credit for trusty time to only ten days per thirty days of trusty status. Upon the plaintiff's inquiry about his accrued trusty time, a prison staff member told him that he had not accrued any earned time credits as a trusty because those convicted for sale of cocaine are not eligible for trusty status. The plaintiff seeks an order from the court directing the Mississippi Department of Corrections to apply ten days of time towards service of his sentence for each thirty days he should have served as a trusty, beginning March 15, 2004.

## Earned Time

The plaintiff contends that defendants violated his constitutional rights by not permitting him to achieve classification as a trusty – thus denying him the ability to accrue earned time credits which count toward his early release from confinement. The Supreme Court has held that § 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court subsequently has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because plaintiff, if successful in this case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit pursuant to §

1983, and the case should be dismissed for failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(i). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of February, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE